UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

EMERY MILLER and HERBERT PINKNEY,

    Plaintiff,

vs.

MIAMI SUNNY INC.,
a Florida corporation, and LILI
ZHENG, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, EMERY MILLER and HERBERT PINKNEY, by and through their undersigned counsel, sue the Defendants, MIAMI SUNNY INC., (hereinafter, "Company"), and LILI ZHENG, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1. Plaintiffs, former employees of the Defendants, bring this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiffs are/were residents of this judicial district, employees of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiffs and are conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, LILI ZHENG, individually, acted directly in the interests of his employer, the Defendant, Company, in relation to the Plaintiffs, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. Moreover, whether 'employers' or not under the FLSA, Defendants are still subject to the anti-retaliation provision of the FLSA. "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" Obregon v. Jep Family Enterprises, Inc., 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); see Wirtz v. Ross Packaging Co., 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

9. That at all times material hereto, Plaintiffs were 'engaged in commerce' within the meaning of the FLSA.

10. The Plaintiffs were hired as drivers for the Defendants.

11. During their employment, the Defendants intentionally failed to pay the Plaintiffs, non-exempt employees under the FLSA, for work in excess of forty (40) hours per work week, willfully refusing to properly compensate Plaintiffs for such work in violation of the FLSA.

12. Plaintiffs were earning $17.50 per hour, and were working up to 57 hours per week, bringing their weekly totals to $997.50.

13. However, under the FLSA, employees must be paid one and one-half times their regular rate of pay for all hours worked over 40 in one week.

14. As such, Plaintiffs overtime rates are $26.25 per hour.

15. Because they are only being paid straight-time wages for the 17 hours they work over 40 each week, they are each being undercompensated by $8.75 per hour for each of the 17 overtime hours, a short fall of $148.75 per week.

16. All records concerning the number of hours actually worked by Plaintiffs are presumably in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiffs are unable to state at this time the exact amount due.

17. Plaintiffs, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiffs.

18. A demand letter was sent to the Defendants for this overtime pay.

19. Defendants demanded that Plaintiff, MILLER would only be given overtime hours moving forward if he signed a document that would release the Defendants from being sued.

20. Thus, Defendants are retaliating against the Plaintiff, MILLER by preventing him from working overtime hours in response to his request for overtime pay.

## COUNT I
## FLSA - COMPANY

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 20 above.

21.     Plaintiffs are entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

22.     By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA–LILI ZHENG

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 20 of this Complaint.

23.     Plaintiffs are entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

24.     By reason of the intentional, willful and unlawful acts of the Defendant, LILI ZHENG in violation of the FLSA, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, LILI ZHENG for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA--RETALIATION AGAINST COMPANY—MILLER ONLY

Plaintiff, MILLER, incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint.

25.     That Plaintiff, MILLER complained to the Defendant, Company, concerning violations of the FLSA.

26.     That, as a result of the Plaintiff, MILLER's Complaint, the Defendant, Company, intentionally, willfully and unlawfully retaliated against Plaintiff, MILLER, in violation of the FLSA.

27.     That the Defendant, Company's decisions to adversely affect the Plaintiff, MILLER were both connected to, and in response to the Plaintiff, MILLER's complaint.

28.     The Plaintiff, MILLER is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, Plaintiff, MILLER demands judgment against the Defendant, Company for all damages and relief under the FLSA, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA--RETALIATION AGAINST LILI ZHENG —MILLER ONLY

Plaintiff, MILLER, incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint.

25.     That Plaintiff, MILLER complained to the Defendant, LILI ZHENG, concerning violations of the FLSA.

26.     That, as a result of the Plaintiff, MILLER's Complaint, the Defendant, LILI ZHENG, intentionally, willfully and unlawfully retaliated against Plaintiff, MILLER, in violation of the

FLSA.

27. That the Defendant, LILI ZHENG's decisions to adversely affect the Plaintiff, MILLER were both connected to, and in response to the Plaintiff, MILLER's complaint.

28. The Plaintiff, MILLER is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, Plaintiff, MILLER demands judgment against the Defendant, LILI ZHENG for all damages and relief under the FLSA, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all counts.

Dated: September 23, 2021.   Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920